UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELICA ANNE CLARK,

    Plaintiff,

v.

MASTRONARDI PRODUCE and
FORGE INDUSTRIAL STAFFING,

    Defendants.
_____/

Case No. 2:25-cv-11488

Hon. Brandy R. McMillion
United States District Judge

## ORDER OF SUMMARY DISMISSAL

Plaintiff Angelica Anne Clark ("Clark") filed this *pro se* action against Defendants Mastronardi Produce and Forge Industrial Staffing (collectively, "Defendants") alleging she was illegally terminated and slandered. *See generally* ECF No. 1. She uses the Court's form "Complaint for a Civil Case" but fails to (i) identify the basis for jurisdiction, and (ii) state an amount in controversy. *Id.* at PageID.4-5. Clark does, however, state that she was "inaccurately discharged from the company and slandered" which caused her stress; and she seeks $300 for losing her position. *Id.* at PageID.5-6.[1]

---

[1] Clark also filed an Application to Proceed without the Prepayment of Fees and Costs (*in forma pauperis*). *See* ECF No. 2. However, she did not fully complete the form, and she also failed to sign it.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).  Under Federal Rule of Civil Procedure 12(h)(3), if the "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Houston v. Garland*, No. 2:22-CV-13036, 2023 WL 3212335, at *2 (E.D. Mich. May 2, 2023), *aff'd*, No. 23-1530, 2024 WL 1925936 (6th Cir. Jan. 26, 2024).  Although the Court should remain mindful that *pro se* complaints are to be construed liberally, *pro se* complaints "must still satisfy the subject matter jurisdiction requirement." *Lopez v. Benson*, No. 24-10916, 2024 WL 3740115, at *1 (E.D. Mich. June 6, 2024).

Federal Courts have jurisdiction to hear two types of cases: (1) cases presenting a federal question arising under the United States Constitution, federal laws, or treaties, pursuant to 28 U.S.C. § 1331; and (2) cases based on diversity of citizenship where a citizen of one state sues a citizen of another state and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332.

Here, Clark's claims meet neither jurisdictional requirement.  First, she does not identify any federal law in which she sues under, and she alleges no facts which present a federal question.  Her claims appear to be for unlawful termination and slander—both of which are claims properly brought in state court.  Second, she alleges that her own citizenship and that of the defendants is Michigan.  This, in

2

addition to a request for $300 (well below the $75,000 threshold), prevents the Court from exercising diversity jurisdiction.

Accordingly, because the Court lacks jurisdiction over Clark's claims, this case is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

Dated: May 23, 2025                                        s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge